

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

EAG:DCP
F. #2014R00240

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

June 15, 2015

**TO BE FILED EX PARTE AND UNDER SEAL**

By Hand and ECF

The Honorable Dora L. Irizarry
United States District Court Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY  11201

    Re: United States v. Zhemin Jin
      Criminal Docket No. 14-318 (DLI)

Dear Judge Irizarry:

  The government respectfully moves the Court, pursuant to 18 U.S.C. § 3148(b), to issue a warrant for the arrest of the defendant Zhemin Jin for violating a condition of his release.[1]  As described below, the defendant has violated the conditions of release by contacting one of the victims this case, the owner of A&Z Express.

BACKGROUND

  The defendant is charged, along with co-defendant Yihong Xu, with conspiracy to commit Hobbs Act extortion and attempted extortion, in violation of 18 U.S.C. § 1951(a).  As part of that conspiracy, the defendant and Xu went to A&Z Express, a shipping company located in the Fresh Meadows section of Queens, to obtain money from the owners.  The defendant and Xu claimed that the money was reimbursement for "stolen" merchandise, but the evidence demonstrates, not only that the defendants knew the reason for demanding money from the victims was pretextual, they threatened the victims to obtain the money.  As part of the conspiracy, the defendants repeatedly went to A&Z Express to

---

[1] For the reasons set forth below, the government respectfully requests that this motion be filed ex parte.

threaten the owners of the company, called the owner of A&Z Express to effectuate the extortion and met with the defendant to demand money.

The day after his arrest, the defendant was released on $200,000 bond co-signed by three sureties: his stepfather, his wife and his mother. At the detention hearing, the defendant signed the bond. The bond provides, among other conditions, that the defendant is prohibited from committing any other crimes, and specifically advises the defendant that it is a criminal offense to tamper with a witness and that he is not permitted to contact any employees or owners of A&Z Express. In particular, the bond reads that "[t]he defendant shall avoid all contact and not associate with any of the following persons or entities: A&Z Shipping and any owners, employees." (A copy of the bond releasing the defendant is attached hereto as Exhibit A). The bond makes clear that a warrant for the defendant's arrest may be issued if he violates this, or any other condition, of his release.[2] In addition, Magistrate Judge Ramon E. Reyes, Jr. specifically advised the defendant at the detention hearing: "[Y]ou also cannot go near AZ Shipping or have contact with any of its owners or employees." (A copy of the transcript of the March 7, 2014 hearing is attached at Exhibit C, p. 8.).

On June 1, 2015, at approximately 10:29 p.m., the owner of A&Z Express (the "Owner") received a telephone call from a number with a (929) area code, which number is known to law enforcement agents (the "(929) Number"). The caller asked for "Brother Ah Wu." "Ah Wu" is a nickname for the Owner and the same name the defendants used when speaking to the Owner during the charged extortion conspiracy. The owner recognized the voice as one of the individuals who had attempted to extort money from him and hung up the phone. Less than a minute later, at approximately 10:30 p.m., the Owner received another call from the (929) Number, which he did not answer. The caller did not leave a voicemail. Less than two hours later, at approximately 12:18 a.m. on June 2, 2015, the Owner received a text message from the (929) Number stating, in English, "Sorry call wrong number."

The Owner reported the call to law enforcement agents, who determined that the defendant was the user of the (929) Number who called the owner. Searches of law enforcement databases revealed that the (929) Number is a prepaid phone number connected to the defendant. The defendant provided a credit agency with his name and address in connection with the (929) Number. Moreover, Melony Bedford, the United States Pretrial Services ("Pretrial Services") officer responsible for supervising the defendant on bail, confirmed that the (929) Number is the number she uses to contact the defendant. Indeed, Officer Bedford confirmed that on May 20, 2015, she had a conversation with the defendant

---

[2] The prohibition against committing "any federal, state, or local crime" was included among the "Standard Conditions of Bond," set forth on the reverse side of the order setting conditions of release and bond. See Order Setting Conditions of Release and Bond, Eastern District of New York (attached hereto as Exhibit B). The back of the order releasing the defendant on bond contains the warnings included on Exhibit B, but only the first page of the order is included on ECF.

after calling him on the (929) Number.  The defendant also listed the (929) Number on his monthly supervision form that he submitted to Pretrial Services on June 3, 2015.  Finally, law enforcement obtained call records for the (929) Number which confirmed that the (929) Number called the Owner on the dates and times in question.  Moreover, when law enforcement compared the call activity for the (929) Number with call activity for a different cell phone the defendant used during the extortion conspiracy, they discovered an overlap between numbers called by both phones, more than a year apart, indicating that it was the defendant using both telephones.

## DISCUSSION

### I. Legal Standard

Pursuant to 18 U.S.C. § 3148(a), "[a] person who has been released under [18 U.S .C. § 3142] and who has violated a condition of his release, is subject to a revocation of release, an order of detention, and a prosecution for contempt of court."  A proceeding for revocation of an order of release may be initiated by the government "by filing a motion with the district court." 18 U.S.C. § 3148(a).

Section 3148(b) provides, in relevant part, that "a person charged with violating the condition of release that such person not commit a Federal, State, or local crime during the period of release, shall be brought before [the Court]" and that an arrest warrant may be issued for such purposes. It then goes on to provide for a hearing once the defendant has been brought before the Court.

### II. Application

The defendant violated the conditions of his release by contacting the Owner. Not only does myriad evidence connect the defendant to the telephone number that was used to contact the defendant, the Owner confirmed that he recognized the voice of the caller as one of the individuals who had attempted to extort money from him.  The defendant made this contact despite clear warnings on the bond and from Judge Reyes that he not contact any owners or employees of A&Z Shipping.

Accordingly, the government requests that an arrest warrant be issued for the defendant so that he may be brought before the Court, at which time the government will move for revocation of release, pursuant to 18 U.S.C. § 3148(b), and, in the alternative, for revocation of the release order, pursuant to 18 U.S.C. § 3145(a) (1). (A proposed warrant is attached hereto as Exhibit D).

### C. Ex Parte Submission

The government respectfully requests that this motion be filed ex parte. Disclosing the contents of the letter to the defendant and the public would jeopardize an ongoing investigation into the defendant's actions, expose the Owner to further contact,

intimidation or other harm, and provide an opportunity for the defendant to flee. See <u>United States v. Amodeo</u>, 44 F.3d 141, 147 (2d Cir. 1995) (need to protect the integrity of an ongoing investigation, including the safety of witnesses, and to prevent interference, flight and other obstruction, may be compelling reason justifying sealing); <u>United States v. Hommosany</u>, 208 F.3d 204 (2d Cir. 2000) (unpublished opinion) (district court properly considered an <u>ex parte</u> affidavit setting forth good-faith basis). Upon the defendant's arrest, should the Court grant this motion, the government will move the Court to unseal this motion. Under these circumstances, the government's countervailing interests in protecting the integrity of the investigation and the upcoming trial outweigh the public's qualified right to access. As the facts set forth above provide ample support for the "specific, on the record findings" necessary to support sealing, <u>Lugosch v. Pyramid Co.</u>, 435 F. 3d 110, 120 (2d Cir. 2006), the government respectfully requests that the Court record those findings and file this letter <u>ex parte</u>.

                Respectfully submitted,

                KELLY T. CURRIE
                Acting United States Attorney

By: _____

                David C. Pitluck
                Assistant U.S. Attorney
                (718) 254-6108